## Aetna Electrical Engineering Company v. Reinhold.

*Foreign corporation—Motion for judgment for defendant—Practice Act of May 14, 1915.*

1. There is no authority in the Practice Act of May 14, 1915, P. L. 483, allowing a defendant to file an unverified motion for judgment, without filing an affidavit of defence as to the facts or raising a question of law.

2. It is not necessary for a statement to show by what authority the plaintiff, a foreign corporation, did business in the State of Pennsylvania, as this is purely a matter of defence.

Motion for judgment for defendant. C. P. Lancaster Co., Feb. T., 1924, No. 67.

*Charles W. Eaby*, for motion; *J. Andrew Frantz*, contra.

HASSLER, J., Oct. 4, 1924.—This is a motion for judgment for the defendant. The defendant has not filed an affidavit of defence, either to answer the averments of facts contained in the statement, as provided for in section 12 of the Practice Act of May 14, 1915, P. L. 483, or one raising a question of law, as provided for in section 20 of the same act. He has only filed a motion for judgment, which motion is not sworn to, alleging certain defects in plaintiff's statement. We are unable to find any authority in the Practice Act of May 14, 1915, P. L. 483, to enter judgment under such circumstances. It will be observed that the application is not a motion under section 21 of the act to strike the statement from the record because it does not conform with the provisions of the act.

The reasons given in the motion raise a question of law that should have been raised in an affidavit of defence raising a question of law under section 20 of the act. Although it has not been sworn to, we will consider it as an affidavit of defence raising a question of law.

None of the questions raised in it are sufficient to entitle the defendant to judgment. Two of them are not true. The statement does allege that the contract was verbal, which is the word generally used to distinguish a parol from a written contract. It is further alleged in the statement that the contract sued on is an express contract, so far as the furnishing of supplies and doing the work is concerned, as it stated in paragraph 3 of the statement that "on or about October 28, 1922, at the special instance and verbal request of the defendant herein, the plaintiff herein, through its duly authorized agents, did perform for defendant certain work and repairs requested by defendant, and supplied materials for the performance of said work and repairs," . . . for which "the prices charged were fair and reasonable and the ordinary market price for work and repairs of that character, and defendant promised and agreed to pay plaintiff the said price and the total amount thereof."

The other reason is that the plaintiff is a foreign corporation and the statement does not show by what authority it did business in the State of Pennsylvania. We do not think it is necessary for the statement to allege this, as it is purely a matter of defence. If there is a question of the plaintiff's right as a foreign corporation to do the business in this State, for which it claims that the defendant is indebted to it, it should be raised in an affidavit of defence.

We, therefore, refuse the motion for judgment for defendant, and decide the questions raised in the motion, considering it as an affidavit of defence raising a question of law, against the defendant, and extend the time for the defendant to file an affidavit of defence, denying the averment of facts in the statement of claim, for fifteen days from this date.

From George Ross Eshleman, Lancaster, Pa.